UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

August 1, 2017

LETTER TO COUNSEL

RE: *Deborah Jean Darling v. Commissioner, Social Security Administration*;
Civil No. SAG-16-2934

Dear Counsel:

On August 22, 2016, Plaintiff Deborah Jean Darling petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Ms. Darling's supplemental filing and reply. (ECF Nos. 17, 22, 23, 24). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the Commissioner, and remand the case to the Commissioner for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Ms. Darling filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on May 8, 2012, originally alleging a disability onset date of September 1, 2010.[1] (Tr. 221-30). Her claims were denied initially and on reconsideration. (Tr. 83-107, 110-35). An Administrative Law Judge ("ALJ") held a hearing on April 22, 2015. (Tr. 42-82). Following that hearing, on August 14, 2015, the ALJ determined that Ms. Darling was not disabled during the relevant time frame. (Tr. 17-39). The Appeals Council denied Ms. Darling's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Darling suffered from fibromyalgia, lumbar and cervical degenerative disc disease, asthma, and right ankle reconstruction. (Tr. 22). Despite these impairments, the ALJ determined that Ms. Darling retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can occasionally perform postural activities but cannot climb ladders, ropes and scaffolds. She can frequently handle and finger. She should avoid

---

[1] Ms. Darling later amended her alleged onset date to September 3, 2012. (Tr. 47).

> concentrated exposure to temperature extremes, wetness, humidity, pulmonary irritants, vibrations, and hazards. She requires the use of a cane to ambulate and balance.

(Tr. 25). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Darling could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 32-33).

Ms. Darling raises two primary arguments on appeal: (1) that the ALJ erred in considering her fibromyalgia; (2) that the ALJ did not comply with *Lewis v. Berryhill*, 858 F.3d 858 (4th Cir. 2017).[2] I concur that the ALJ's analysis of Ms. Darling's fibromyalgia does not fulfill the requirements of SSR 12-2p, including his basis for assigning no weight to Dr. Ofori-Awuah's opinion and little weight to Dr. Gadhia's opinion, and therefore remand the case for further discussion. In remanding for additional explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Darling is not entitled to benefits is correct or incorrect.

The ALJ appears to have rejected Ms. Darling's complaints of disabling pain from fibromyalgia, largely relying upon certain findings made upon physical examinations. (Tr. 27-30). That analysis does not take into account the fact that fibromyalgia is difficult to corroborate through specific objective findings. *See, e.g.*, *Gavigan v. Barnhart*, 261 F. Supp. 2d 334, 340 (D. Md. 2003) (noting that fibromyalgia "poses particular challenges to credibility analyses due to the limited available objective medical evidence."). Additionally, the nature of fibromyalgia means that a patient's ability to perform certain tasks or postural maneuvers on a given day does not necessarily reflect an ability to perform those tasks and maneuvers on a sustained basis. Social Security Ruling ("SSR") 12-2p, which became effective on July 25, 2012, governs the evaluation of fibromyalgia in disability claims. *See* SSR 12-2p, 2012 WL 3104869 (July 25, 2012). It emphasizes consideration of the "longitudinal record" of fibromyalgia "whenever possible because the symptoms of FM [fibromyalgia] can wax and wane so that a person may have 'bad days and good days.'" *Id.* at *6. Thus, the fact that Ms. Darling had some physical examinations at which she displayed no serious symptoms does not disprove her allegations of persistent pain. *See*, *e.g*, *Green-Younger v. Barnhart,* 335 F.3d 99, 108-09 (2d Cir. 2003) (noting that for fibromyalgia patients "physical examinations will usually yield normal results – a full range of motion, no joint swelling, as well as normal muscle strength and neurological reactions.") (citation omitted).

Importantly, the ALJ repeatedly characterized Ms. Darling as having an "improved condition" or "significant improvement." (Tr. 29, 30). That characterization, apparently based upon an appointment in June, 2013, at which Ms. Darling displayed few symptoms, does not take into account the fact that fibromyalgia symptoms "wax and wane" and do not generally demonstrate sustained improvement. *Id.* As cited in Ms. Darling's memorandum, at a subsequent appointment in October, 2013 not cited by the ALJ, Ms. Darling displayed decreased

---

[2] However, because this case is being remanded on other grounds, I need not reach the *Lewis* issue. On remand, the ALJ should assess Ms. Darling's credibility based on both her subjective statements and the medical evidence, in accordance with *Lewis*.

motor strength, decreased reflexes, and had a questionable prognosis because "falls have been unpredictable and chronic pain issues have been longstanding." Pl. Mot. at 14-15, (citing (Tr. 572)). Thus, the "improvement" repeatedly cited by the ALJ is not reflected in the record.

Next, the ALJ suggests that the fibromyalgia shows "responsiveness to conservative treatment and medications." (Tr. 30). However, it is unclear, in the context of fibromyalgia, what other forms of treatment might have been available to Ms. Darling or her treating physicians. Chronic, incurable conditions such as fibromyalgia are customarily managed by "conservative" measures such as medications and dietary changes. *See Lapeirre-Gutt v. Astrue*, 382 Fed. Appx. 662, 664 (9th Cir. 2010) (noting that the claimant "cannot be discredited for failing to pursue non-conservative treatment options" for fibromyalgia since "none exist."); *Brosnahan v. Barnhart*, 336 F.3d 671, 677 (8th Cir. 2003) (noting that "the lack of any need for surgery is also not a reason to discredit [plaintiff]: the [American College of Rheumatology] does not recommend surgery for fibromyalgia."). Thus, her "conservative" treatment regimen is attributable to the lack of more intensive treatment options for her condition, and is not a reason to discredit her treating physician or her own description of the severity of her impairments.

Finally, the ALJ repeatedly cites "robust activities of daily living" as a factor undermining Ms. Darling's allegations of disabling pain. (Tr. 30). However, the ALJ's characterization of Ms. Darling's activities does not comport with her descriptions in her hearing testimony. *Compare* (Tr. 30-31) *with* (Tr. 55-66). For example, the ALJ describes Ms. Darling as "babysitting her granddaughter," (Tr. 30), although Ms. Darling states that she spent time about once per month with a four year old cousin playing Connect Four or other board games. (Tr. 66). Similarly, the ALJ states that she "went out of town to help her sister," (Tr. 31), while Ms. Darling explained that she only drove her mother to Pennsylvania so that her mother could stay with her sister. (Tr. 66). On remand, the ALJ should ensure an accurate description of Ms. Darling's activities of daily living, making appropriate credibility findings where needed.

Ultimately, the ALJ's evaluation of Ms. Darling's fibromyalgia does not comport with SSR 12-2p. In addition to the errors described above, the ALJ's assignments of "little weight" and "no weight" to the opinions of the two treating physicians, Drs. Gadhia and Ofori-Awuah, are not premised on substantial evidence in light of the conclusory allegations that the opinions are "inconsistent with the medical evidence of record" or "vague." (Tr. 29, 30). On remand, the ALJ should provide a more complete evaluation of the opinions of the medical sources, in light of the complete treatment record and the provisions of SSR 12-2p.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment (ECF No. 17) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 23) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

*Deborah Jean Darling v. Commissioner, Social Security Administration*
Civil No. SAG-16-2934
August 1, 2017
Page 4

Sincerely yours,

/s/
Stephanie A. Gallagher
United States Magistrate Judge